MEMORANDUM **
Mamoun Mohammed AI Bajah petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from the Immigration Judge’s order denying his motion to reopen proceedings conducted in absentia in 1993. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, Iturri-barria v. INS, 321 F.3d 889, 894 (9th Cir.2003), we deny the petition for review.
The BIA denied AI Bajah’s motion to reopen as untimely because it was not filed within the 180 day deadline. See 8 C.F.R. § 1003.23(b)(4)(iii). AI Bajah contends that he is entitled to equitable tolling of the deadline due to ineffective assistance he received from an immigration consultant who was not an attorney. Specifically, AI Bajah states that the consultant advised him not to attend his 1993 immigration hearing and did not keep him apprised of the status of his case. AI Bajah states that he looked for the consultant later that year, but was unable to find him. He did not hire a lawyer to look into his immigration status until 2001.
Equitable tolling is available “when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error.” Iturribarria v. INS, 321 F.3d at 897. To the extent that the consultant provided him with ineffective assistance, AI Bajah has not shown that he acted with due diligence in discovering the error. Nearly 14 years passed from the date he was ordered removed in absentia and the time he filed the motion to reopen with the Immigration Judge. AI Bajah’s explanations as to why he did not discover that he had been ordered deported until sometime in 2006 are unpersuasive. Accordingly, the BIA did not abuse its discretion in denying the motion to reopen as untimely.
The temporary stay of deportation shall remain in effect until issuance of the mandate.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.